# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | CIVIL ACTION NO. 5:07CV00094 |
| **Plaintiff,** | |
| v. | **CONSENT DECREE** |
| **FAIRBROOK MEDICAL CLINIC, P.A.,** | |
| **Defendant.** | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Deborah H. Waechter, M.D. ("Dr. Waechter") was sexually harassed and subjected to a hostile work environment while working for Defendant Fairbrook Medical Clinic, P.A. ("Defendant"), because of her sex, female. Defendant has denied all such allegations or liability in this matter, and specifically that Dr. Waechter was sexually harassed or subjected to a hostile work environment. The Commission does not disavow any of its allegations in this lawsuit.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Commission's Complaint without the burden, expense, and delay of further litigation, and that this Decree is being entered into as part of a compromise of a disputed claim.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore **ORDERED, ADJUDGED** AND **DECREED** as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Dr. Waechter the amount of Twenty-Five Thousand Dollars ($25,000.00), subject to an IRS Form 1099, in settlement of the claims raised in this action. Payment shall be made by issuing a check payable to "Deborah H. Waechter" within fifteen (15) business days after the Court approves this Consent Decree. Defendant shall mail the check to Dr. Waechter at an address provided by the Commission. Within ten (10) business days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Dr. Waechter.

4. Within ten (10) business days of the entry of this Decree by the Court, Defendant shall remove from the personnel file of Dr. Waechter any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2006-03867, and the related events that occurred thereafter. Within fifteen (15) business days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Within thirty (30) calendar days of the entry of this Decree by the Court, Defendant shall revise its written anti-discrimination policy to include the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment. Within thirty (30) calendar days of the entry of this Decree, Defendant shall distribute to its current employees a copy of the revised policy. Within forty (40) calendar days of the entry of this Decree, Defendant shall report compliance to the Commission of the revision and distribution. During the term of this Decree, Defendant shall distribute its policy to each new employee and shall inform each new employee at their time of hire about the policy and how Defendant is committed to providing a workplace free of discrimination and harassment.

6. During the term of this Decree, Defendant shall post a copy of its policy described in paragraph 5, *supra*, in its facility in a place where it is visible to employees. Within thirty-five (35) calendar days after the Consent Decree is entered, Defendant will post its revised policy. Within forty (40) calendar days of the entry of this Decree, Defendant shall notify the Commission that it has been posted. If such policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sexual harassment. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) calendar days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) calendar days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) calendar days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix A, hereby made a part of this Decree, in its facility in a place where it is visible to employees at the facility. If a Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) calendar days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    a. The identity of each individual, if any, who has reported or complained of sexual harassment or sexual conduct, including by way of identification each person's name, last known telephone number and address, social security number, and job title; and

    b. For each person identified in 9.a above, a detailed description of the individual's report/complaint and what action, if any, Defendant took in response to the report/complaint.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

4

10. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents upon providing at least two (2) business days advanced notice to Defendant. The Commission shall provide notice required pursuant to this paragraph by e-mail directed to Sheila Cook at sheila_cook@fairbrookmedical.com. The Commission shall also in good faith attempt to schedule any such inspection on such days and at such times that are mutually convenient to the parties and which do not unreasonably interfere with or interrupt Defendant's medical services or business operations.

11. If at anytime during the term of this Decree, the Commission believes that the Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to the Defendant. The Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the Commission and the Defendant shall have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for two (2) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of two (2) years without further action by the parties.

The Joint Motion to Approve the Consent Decree (Doc. 34) is hereby **GRANTED.**

Signed: April 19, 2011

Richard L. Voorhees
United States District Judge

APPENDIX A



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# EMPLOYEE NOTICE

1.  This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Fairbrook Medical Clinic, P.A. in a case of alleged sexual harassment. Fairbrook Medical Clinic denies the allegations. As part of the settlement, Fairbrook Medical Clinic, P.A. agreed to take certain actions set out in the Consent Decree resolving this matter.

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.  Fairbrook Medical Clinic, P.A. will comply with such federal laws in all respects. Furthermore, Fairbrook Medical Clinic, P.A. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street NE
Washington, DC  20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: April 19, 2013.